# United States District Court

WESTERN  DISTRICT OF  NEW YORK

UNITED STATES OF AMERICA
v.

TYRA LEE

**CRIMINAL COMPLAINT**

CASE NUMBER: 07-M- 2020

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief.

In or around July 2006, in Erie County, in the Western District of New York, the defendant did commit wire fraud in violation of Title 18, United States Code, Section 1343. I further state that I am a Postal Inspector for the United States Postal Inspector Service and that this complaint is based on the following facts:

**SEE ATTACHED AFFIDAVIT**

Continued on the attached sheet and made a part hereof: (✔) Yes ( ) No

FILED
U.S. DISTRICT COURT
W.D. of N.Y.
1/17/07

X _____
CLINT E. HOMER
Signature of Complainant

Sworn to before me and subscribed in my presence,

January 17, 2007                at    Buffalo, New York
Date                                  City and State

HONORABLE HUGH B. SCOTT
U.S. MAGISTRATE JUDGE
Name & Title of Judicial Officer

_____
Signature of Judicial Officer

# A F F I D A V I T

STATE OF NEW YORK )
COUNTY OF ERIE    ) ss:
CITY OF BUFFALO   )

**CLINT E. HOMER**, being duly sworn, deposes and says as follows:

1. I am a United States Postal Inspector and have been for approximately one and one half years. As part of my duties as Postal Inspector, I am authorized to investigate credit card, access device, and wire fraud. This affidavit is in support of a criminal complaint charging the defendant, TYRA LEE, with violating Title 18, United States Code, Section 1343 by devising a scheme or artifice to defraud to obtain money or property by means of false or fraudulent pretenses, representations or promises, and transmitted or caused to be transmitted by means of wire, radio, or television communication in interstate or foreign commerce, writings, signs, signals, pictures or sounds for the purpose of executing such a scheme. The information in the affidavit is based upon my personal knowledge and upon information provided to me by law enforcement officers and others.

2. In mid August, 2006, Cheryl DiPalma of Buffalo, New York 14216, filed a complaint of identity theft with the Federal Trade Commission. Ms. DiPalma alleged someone had opened a credit card account with Citibank, and had telephone service installed by Verizon using her name and personal information without her knowledge or permission. The accounts had been opened and used in July and August of 2006 to obtain over $12,000 worth of goods and telephone charges. An interview of Ms. DiPalma by your affiant provided a possible suspicious address of 19 Dignity Lane, Buffalo, NY, 14211, but did not reveal any suspects or possible leads as to how the information used to open the accounts had been obtained.

3. On July 28, 2006, a Citibank credit card was applied for over the telephone by an individual providing the name, date of birth and social security number of Cheryl DiPalma. The caller provided the mailing address of 19 Dignity Lane, Buffalo, NY, 14211, and a contact telephone number of (716) 895-3430. Two Citibank credit cards, for new account number **xxxx xxxx xxxx 3198**, were mailed to the 19 Dignity Lane address, and were confirmed received and activated on August 7, 2006 from telephone number (716) 895-3430. Between August 7 and August 10, 2006, Citibank account **xxxx xxxx xxxx 3198** was used approximately 50

times in the Buffalo metro area to make $12,153.35 in fraudulent purchases.

4. Telephone number (716) 895-3430 is a land line serviced by Verizon. At the time of its use relating to the aforementioned Citibank credit cards, the telephone number was assigned and in use at 19 Dignity Lane, Buffalo, NY, 14211. The service was opened and in the name and personal information of Cheryl DiPalma. Also, during the same time period, a second Verizon land line identified as telephone number (716) 897-0196, was installed and in use at the 19 Dignity Lane address. This telephone service was also opened in the name of Ms. DiPalma, using her personal information. To date, $660.20 in unpaid, fraudulent charges is still due to Verizon for the two accounts.

5. A Fashion Bug account number **xxx xxx xxxx** 87 was also opened in the name and personal information of Ms. DiPalma, but with the 19 Dignity Lane address, and the full credit available of $100.00 was used to make fraudulent purchases and the balance remains unpaid.

6. Further investigation also revealed Nextel wireless service account number **xxxxxxx280** had been opened in the name of Cheryl "DiPalmer," using the personal information of Ms. DiPalma,

3

but with the 19 Dignity Lane address. To date $2,092.32 in fraudulent charges have been made and remain unpaid on the account.

7. In late September, 2006, the service to telephone numbers (716) 895-3430 and (716) 897-0196 installed and in service at 19 Dignity Lane, Buffalo, NY 14211 was terminated by Verizon due to fraudulent application/non-payment. On October 2, 2006, Subsequently, Verizon re-installed land line service with telephone number (716) 892-2328 at the 19 Dignity Lane address in the name and personal information of Thomas Ashford. In a telephone interview conducted by your affiant, Thomas Ashford of Dudley, NC, confirmed that he did not live at 19 Dignity Lane in Buffalo, NY, nor did he give anyone at that address, or any other address, permission to use his name or personal information to open telephone service with Verizon.

8. According to the property manager for 19 Dignity Lane, Buffalo, NY, 14211, the defendant, TYRA LEE, and her three dependant children moved into the residence in early December, 2005, and are the only registered, legal residents of the address.

9. Natural Gas service was installed and an account opened at 19 Dignity Lane, Buffalo, NY, 14211, on December 15, 2005 in the name and personal information of TYRA LEE. The service is ongoing at this date.

10. Erie County Social Services has been providing benefits to TYRA LEE and her three dependant children at 19 Dignity Lane, Buffalo, New York 14211, since December, 2005.

11. Surveillance video footage obtained from several of the merchants victimized by the August, 2006 Citibank purchases shows an individual matching the likeness and description of TYRA LEE repeatedly making purchases with Citibank credit cards drawn on account number **xxxx xxxx xxxx 3198**.

12. The property manager for 19 Dignity Lane, Buffalo, NY, 14211 identified TYRA LEE in photos made from the aforementioned surveillance videos. The person identified as Ms. LEE was the individual making the fraudulent purchases in the surveillance videos.

13. Surveillance of 19 Dignity Lane, Buffalo, NY, 14211, conducted by your affiant between late August, 2006 and mid-November 2006 revealed an individual matching the likeness and

description of Ms. LEE repeatedly entering with a key and exiting the residence, removing mail from the mailbox attached to the front of the residence, and spending significant time on the front porch of the residence while conversing with neighbors.

14. On Wednesday, September 27, 2006, at approximately 2:00 p.m., your affiant rang the doorbell at the front door of 19 Dignity Lane, Buffalo, NY, 14211. An African American male, approximately 6'2" and 210 lbs, and 22-27 years old answered the door. When I asked who lived there, he said it was his sister "Tyra's" place. The gentlemen then went back in to the apartment, leaving the door open, and yelled Tyra's name. He was away from the door for about two minutes and returned to say that Tyra was busy. I asked if he could help me out with who lived there at 19 Dignity Lane. He said it was TYRA LEE's place and she was the only adult living there. I asked him if he knew if she received her mail there, and he said she did. I asked what his name was and he said, "Derrick McNabb", and said he was Tyra's brother. Mr. McNabb said he did not live there full time but just happened to be there that day. When asked if he received any mail at 19 Dignity Lane, he said that he did. When asked again if he knew if anyone else lived there or received mail there, Mr. McNabb said just his sister's three little children lived with her, but they didn't get mail, and nobody else lived there.

6

15. On December 28, 2006, TYRA LEE was interviewed by Postal Inspectors at 19 Dignity Lane, Buffalo, NY, 14211. During the interview, the defendant admitted to acquiring the name and personal information of Cheryl DiPalma and using it to order Verizon telephone service at her 19 Dignity Lane address, and six cell phones with Nextel wireless service which she alleges to have sold to acquaintances. The defendant admitted to applying for, activating, and using the credit card in the name and personal information of Cheryl DiPalma. Defendant LEE acknowledged making over $12,000.00 in purchases with the card, at which time the credit limit had been reached and she disposed of the card. When shown photos made from merchant surveillance videos of the fraudulent purchases, Ms. LEE indicated the photos were of her, and she was using the fraudulently obtained card in those photos. Thereafter, Defendant LEE provided a written sworn statement to Postal Inspectors re-affirming her use of the name and personal information of Cheryl DiPalma in obtaining the telephone service and credit card. (See **Government Exhibit "A"**)

16. In total, $15,005.87 in fraudulent activity is known to have been perpetrated from 19 Dignity Lane, Buffalo, NY, 14211, in the name and personal information of Cheryl DiPalma.

**WHEREFORE,** based upon the facts described above, your affiant submits that probable cause exists to believe that TYRA LEE committed wire fraud in violation of Title 18, United States Code, Section 1343.

_____
CLINT E. HOMER

Sworn to and subscribed before
me this _8_ th day of January 2007.

_____
HON. HUGH B. SCOTT
United States Magistrate Judge

EXHIBIT "A"



992-2328
C Richard Lee
603 1885

STATE OF New York
COUNTY OF Erie
CITY OF Buffalo

ss:

I, Tyra Nicole Lee, having been first duly sworn according to law By Postal Inspector Homer, depose and say:

I wish to make the following statement of my own free will and accord, without coercion, threat, or promise of reward. This statement is a voluntary act on my part, prompted by my desire to assist the United States Postal Inspection Service and to tell the facts without reward or special consideration:

I Tyra Lee found a envoipe on Elmwood st. and it had Chesly delinpnva Information on it I come home order a phone and then I tryed to open a Bank acctont but they wouldn't let me. So I apply for a Credit Card the they send it I then went Shopping for me and my kids I By But every thing for my kids to go to school the year 06-07. I Spent a little over 12 thousand dollars. Tyra

I have read the foregoing statement made by me, consisting of 1 pages, and I have been given an opportunity to make corrections. All the facts contained herein are true to the best of my knowledge and belief.

x Tyra Lee
Date: 12-28-06 10:55 AM
Witnesses: [signature]
US Postal Inspector

Sworn to and subscribed before me this date: 12/28/06
[signature]
U.S. Postal Inspector